IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAURA PROCTOR | * |
| Plaintiff, | * |
| vs. | * Civil Action No. GLR-22-1365 |
| CHARLESTOWN COMMUNITY, INC. | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

On July 7, 2023, this case was referred to me to resolve the pending Motion for Sanctions (ECF No. 25) filed by Defendants along with any discovery disputes. ECF No. 29. Plaintiff filed her Complaint *pro se,* alleging Defendant, her employer violated Title VII of the Civil Rights Act of 1964 by discriminating against her based upon her religion. ECF No. 1. Defendant filed an Answer on August 11, 2022. ECF No. 8. Plaintiff filed a notice of Temporary Change of Address on September 12, 2022. ECF No. 12. The new address is for Davenport, Florida.

The Court issued a Scheduling Order on January 10, 2023 (ECF No. 15) and a Standing Order on Discovery on that same date. ECF No. 16. Defendant filed a status report on January 24, 2023 advising the Court that Plaintiff did not respond to their attempts to contact her by telephone and email. ECF No. 17. On January 25, 2023, the Court entered an Order cancelling a teleconference and setting a deadline for Plaintiff to contact Defendant at a phone number on record. ECF No. 18. Plaintiff responded on January 26, 2023 and requested modification of the scheduling order but did not suggest new dates. ECF No. 19. The parties filed a joint status report to the Court on February 3, 2023. ECF No. 20.

On February 27, 2023, the Court issued a new amended Scheduling Order adopting the parties' revised dates. ECF No.22. On June 6, 2023, Defendant filed a Motion to Compel Discovery alleging Plaintiff had failed to provide answers to written discovery and failed to provide available dates for her deposition. ECF No. 23. Hearing no response, Defendant filed a Motion for Sanctions on June 23, 2023. The Motion to Compel was denied by the Court stating that Defendant failed to file the proper procedure set forth in the standing order. ECF No. 26. Defendant filed correspondence with the Court in compliance with the Standing Order. ECF No. 27.

In the correspondence, Defendant stated:

The discovery period began in this case on February 27, 2023. Notably, the Court's scheduling order commencing the discovery period specifically warned Plaintiff "that although she is self-represented, she must fully comply with all Court orders and the Local and Federal Rules. Failure to comply could result in the dismissal of this case." (See ECF No. 22).

Still, Plaintiff has not responded to any of Charlestown's written discovery requests. On April 7, 2023, Charlestown served Plaintiff with its First Set of Interrogatories and its First Set of Requests for the Production of Documents. Plaintiff never responded to these requests. On May 9, 2023, Charlestown served Plaintiff with its First Set of Requests for Admission. Plaintiff has not responded to these discovery requests, either.

On May 16, 2023, counsel for Charlestown served a notice setting Plaintiff's deposition for June 21, 2023. Although Charlestown made several attempts to contact Plaintiff before and after scheduling this deposition, Plaintiff did not reply. Counsel for Charlestown prepared for the June 21, 2023 deposition in earnest, spending time and money to outline the deposition and reserve the necessary personnel. Inexplicably, counsel for Charlestown received a letter from Plaintiff on June 20, 2023—the day before the deposition was scheduled to occur—stating Plaintiff would not be attending the deposition. Specifically, the letter notified Charlestown that Plaintiff was in Florida, and stated as follows:

I am the only one who can attest with firsthand knowledge and account of the truth in facts in this case. At this point the defendant has not put forth any evidence to dispute my claim. I will be filing an Affidavit of Truth and Facts in response to the interrogatories.
ECF No. 27.

I received this referral as stated above, on July 7, 2023. I Ordered Plaintiff to respond to the Motion for Sanctions by COB July 17, 2023. ECF No. 30. On July 14, 2023, Plaintiff filed an

Case 1:22-cv-01365-GLR Document 43 Filed 09/15/23 Page 3 of 6

"Affidavit of Truth and Fact" basically setting forth facts she alleges supports her claim based upon religious discrimination. ECF No.31. Plaintiff did not respond the the Motion for Sanctions as Ordered by the Court. In response, I ordered a Show Cause Hearing on the issue of Sanctions (ECF No. 25) and required Plaintiff to appear in person. ECF No. 32. Plaintiff responded that she would not be present, she was remaining in Florida where she was employed and caring for her family. Plaintiff requested an alternative to being physically present. ECF No. 34. She also stated she could not find counsel to take her case. I denied her request and ordered Plaintiff to be present and advised her of possible sanctions, including dismissal. ECF No. 35.

I conducted a show cause hearing on September 6, 2023 on the Motion for Sanctions. ECF Nos. 39,40. Plaintiff appeared *pro se*. I Ordered the parties to file a status report with the Court as to topics discussed on the record. ECF No. 39. Defendant timely filed their status report on September 13, 2023. ECF No. 41. Plaintiff failed to file a timely status report with the Court. She did file a report a day late. ECF No. 42.

It is clear to the Court, that while Plaintiff may believe she has a cause of action in this Court, she has failed to comply repeatedly with this Court's Orders and has failed to provide discovery as Ordered.

Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. Fed. R. Civ. P. 37(d); *Mutual Federal Sav. And Loan Ass'n v. Richards and Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). When a court considers one of these extreme sanctions, its discretion is limited because its "desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mutual Fed.,* 872 F.2d at 92. These competing interests require a court to apply a four-part balancing test before levying a dismissal or a default:

(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.*

The Fourth Circuit has also "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir.1995); *see also Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59–60 (D.Md.1998) (describing emerging trend in Fourth Circuit to consider warning prior to extreme sanctions). Failure to respond to interrogatories can merit dismissal or default. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir.1983); *Daye v. General Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C.1997). Other courts within the Fourth Circuit have applied *Mutual Federal*'s test and then entered default judgment as sanctions against plaintiffs who refused both defendants' requests and judges' orders that they appear for depositions. *See Robinson v. Morgan*, 160 F.R.D. 665, 666 (E.D.N.C.1995); *Robinson v. Yellow Freight Sys.*, 132 F.R.D. 424, 429 (W.D.N.C.1990).

As to the four factors, in this case, Plaintiff continued to postpone the responses and deposition dates and would not provide dates to accommodate Defendant. To date, Plaintiff remains unresponsive to written interrogatories ane only now is requesting contact with Defendant's counsel. ECF No. 41. Plaintiff failed to comply with the Orders of this Court so I find she has acted in bad faith in bringing this action and failing to prosecute it. Defendant has been prejudiced by being denied responses to interrogatories and the ability to depose Plaintiff, all material to this case. There is a great need to deter the noncompliance of a party to obey Court

4

Orders and to have litigants file cases and simply walk away from the responsibilities of prosecuting their case. Plaintiff has been repeatedly warned by Judge Russell initially and then by me and given an opportunity to cure her default in discovery but has failed to do so. There are no less drastic measures. All four factors in *Mutual Federal* are satisfied.

Where a party is self-represented, she is still responsible for performing all duties imposed upon counsel by the Local and Federal Rules. Loc. R. 101.1.a (D. Md. 2023). While " '*pro se* litigants are entitled to some deference from courts,' " this deference generally only "relates to construing a *pro se* plaintiff's complaint," and not to a *pro se* plaintiff's failure to meet Court-imposed deadlines. *Diamond v. Bon Secours Hosp.*, No. WMN-09-865, 2010 WL 2696632, at *5 (D. Md. July 6, 2010) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)). When considering sanctions under Rule 37(d), this Court holds *pro se* plaintiffs "responsible for [their] failures to comply with the Rules and court orders." *Adams v. Maryland Mgmt. Co.*, No. WDQ-11-2408, 2013 WL 142074, at *3 (D. Md. Jan. 10, 2013). Courts in the Fourth Circuit may dismiss a case "if the *pro se* litigant's refusal to comply...warrant[s] such a sanction." *Diamond*, 2010 WL 2696632 at *6; *see also Robinson v. Yellow Freight Sys.*, 923 F.2d 849 (4th Cir. 1991) (unpublished opinion) (affirming district court's reasoning that *pro se* plaintiff's continued disregard for discovery orders warranted dismissal under Rule 37); *Middlebrooks v. Sebelius*, No. PJM-04-2792, 2009 WL 2514111, at *2 (D. Md. Aug. 13, 2009) (*pro se* plaintiff's continuous failure to attend depositions sessions or to respond to requests and interrogatories warranted dismissal). *Franklin v. Tri-County Council for the Lower Eastern Shore of Maryland*, 2016 WL 3653966 (D.Md. July 8, 2016).

## CONCLUSION

Therefore, I recommend dismissal of this action with prejudice. I also recommend Defendant be awarded attorneys fees after a Court's review of a fee petition submitted in

compliance with the Local Rules of this Court. Fed. R. Civ. P. 37(d); *Green v. John Chatillon & Sons,* 188 F.R.D. 422, 424 (N.D.N.C. March 11, 1998).

Any objections to this Report and Recommendation must be served and filed within 14 days pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

Date: 15 September 2023

A. David Copperthite
United States Magistrate Judge