IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAURA PROCTOR, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. GLR-22-1365 |
| CHARLESTOWN COMMUNITY, INC., | * |
| | * |
| Defendant. | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Charlestown Community, Inc.'s ("Charlestown") Motion for Sanctions (ECF No. 25) and Magistrate Judge A. David Copperthite's Report and Recommendations (ECF No. 43). The Motion and Report and Recommendations are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant the Motion for Sanctions and adopt, affirm, and approve Judge Copperthite's Report and Recommendations, except to the extent that several details will be added to the factual findings.

I.   BACKGROUND

Self-represented Plaintiff Laura Proctor filed this employment action on June 6, 2022 against Charlestown and its parent company, Erickson Living Management, LLC ("Erickson"). (ECF No. 1). She alleges that Charlestown failed to provide a reasonable accommodation based on her religious beliefs and wrongfully terminated her. (Compl. at 5, ECF No. 1). On August 11, 2022, Charlestown filed its Answer (ECF No. 8), and

1

Erickson filed a Motion to Dismiss (ECF No. 6). The Court granted the Motion on December 19, 2022 and dismissed the claims against Erickson. (ECF No. 14).

The Court issued a Scheduling Order (ECF No. 15) and a Standing Order on Discovery (ECF No. 16) on January 10, 2023. The Standing Order explains the parties' duties to read and comply with the Federal Rules of Civil Procedure and the Local Rules, and to "conduct discovery with accordance with the principles discussed therein." (Standing Order on Discovery ¶ 1, ECF No. 16). Further, the Standing Order directs the parties to cooperate during discovery by providing complete and non-evasive responses, and to be familiar with the sanctions that may be imposed for failure to comply. (Id. ¶ 3).

The Court also scheduled a teleconference for January 26, 2023, and directed the parties to confer prior the call concerning discovery and scheduling, and to submit a joint status report no later than January 24, 2023. (ECF No. 15-1). On January 24, 2023, Charlestown filed a status report to inform the Court that it was unable to contact Proctor by phone or email, despite many attempts. (Jan. 24, 2023 Status Report at 1, ECF No. 17). On January 25, 2023, Proctor called the Court and said that she had a conflict during the teleconference, and that she had mailed a letter to the Court and to Charlestown to inform them of the same on January 23, 2023. (See Jan. 25, 2023 Order at 1, ECF No. 18). The Court cancelled the teleconference and ordered Proctor to contact Charlestown, confer with it about scheduling, and file a joint status report by February 3, 2023. (Id.). Proctor was forewarned that "failure to comply with this Order, or any other Court order, may result in the dismissal of her Complaint without further notice." (Id.). The parties submitted a joint status report on February 3, 2023. (ECF No. 20).

The Court held the teleconference on February 27, 2023. (See ECF No. 22). The Court forewarned Proctor, both orally and in its Order summarizing the call, that "although she is self-represented, she must fully comply with all Court orders and the Local and Federal Rules. Failure to comply could result in the dismissal of this case." (Feb. 27, 2023 Order at 1, ECF No. 22).

On June 6, 2023, Charlestown filed a Motion to Compel Discovery alleging Proctor had failed to provide answers to written discovery, provide available dates for her deposition, or appear for her scheduled deposition. (Mot. Compel. ¶¶ 2–10, ECF No. 23). The Court denied the Motion for failure to comply to the Standing Order, which requires parties to file correspondence with the Court outlining any discovery dispute prior to filing a motion to compel. (ECF No. 26). As directed, Charlestown filed such Correspondence on July 6, 2023. (ECF No. 27). Charlestown stated that it served interrogatories and requests for production of documents on Proctor on April 7, 2023, and it served requests for admissions on her on May 9, 2023. (July 6, 2023 Correspondence at 1–2, ECF No. 27). It also asked for her availability for a deposition several times, and when it received no response, it scheduled the deposition for June 21, 2023 and sent Proctor a notice. (Id.). On June 20, 2023, Charlestown received a copy of Proctor's Response to Notice of Deposition. (Id.). Proctor said she lived in Florida and would not be able to appear for her deposition in Maryland. (Id. at 2). She did not propose alternate dates, and she further stated that she would "be filing an Affidavit of Truth and Facts in response to the interrogatories." (Id.). Proctor attempted to file her Response to Notice of Deposition with the Court, but it was

3

returned to her because under Local Rules 104 and 105, discovery materials should not be filed unless in support of a motion or by Court order. (ECF No. 24).

On June 23, 2023, Charlestown filed the instant Motion for Sanctions due to Proctor's alleged discovery misconduct. (ECF No. 25). Proctor did not respond to the Motion, nor Charlestown's Correspondence. On July 7, 2023, the undersigned referred this case to Judge Copperthite for resolution of the Motion for Sanctions and the discovery dispute. (ECF No. 29). On July 10, 2023, Judge Copperthite issued an Order directing Proctor to respond to the Motion for Sanctions on or before July 17, 2023. (ECF No. 30). Judge Copperthite forewarned Proctor that "[f]ailing to do so may result in a show cause hearing and the imposition of sanctions to include dismissal of the Complaint and an award of attorneys' fees to Defendant." (Id.). On July 14, 2023, Proctor filed an "Affidavit of Truth and Fact," which summarized the allegations in her Complaint but did not respond to the Motion for Sanctions. (ECF No. 31). She also alleges that she sent responses to interrogatories to Charlestown on July 15, 2023. (See Aug. 11, 2023 Letter at 4, ECF No. 34). Charlestown argues that these responses are incomplete and were served more than two months late and well after the close of discovery. (Resp. Opp'n Pl.'s Objs. at 2 n.1, ECF No. 46).

When Proctor failed to respond to the Court's July 10, 2023 Order, Judge Copperthite set a show cause hearing for September 6, 2023. (ECF No. 32). He again warned Proctor about the possible consequences of the hearing and her failure to appear. (Id.). On August 11, 2023, Proctor filed a Letter stating that she was self-represented and that she struggled to balance her legal responsibilities along with her busy work and family

4

schedule. (Aug. 11, 2023 Letter at 1–4, ECF No. 34). She further explained that her efforts to find counsel had been unsuccessful. (Id.). She also requested that the hearing be held remotely rather than in person because she resides in Florida. (Id. at 4). Judge Copperthite denied her request on August 15, 2023. (ECF No. 36).

Judge Copperthite conducted the hearing on September 6, 2023, and he ordered that the parties file a status report, either jointly or individually, on or before September 13, 2023. (ECF No. 39). Charlestown timely filed a status report on September 13, 2023, (ECF No. 41), and Proctor filed her report a day late on September 14, 2023, (ECF No. 42). Proctor contends that her late filing was due to the need to confer with Charlestown, and Charlestown was not available to speak with her until September 13, 2023. (Obj. to Judge Recommendations ["Obj."] at 4–5, ECF No. 45).

On September 15, 2023, Judge Copperthite issued his Report and Recommendations. (ECF No. 43). He summarized the facts as set forth above, and he recommended that the Court grant the Motion for Sanctions, dismiss the case with prejudice, and allow Charlestown to file a fee petition for attorneys' fees. (R. & R. at 1–6, ECF No. 43). He also ordered that any objections be filed within fourteen days per Federal Rule 72(b) and Local Rule 301.5(b). On October 5, 2023, after the fourteen-day deadline had passed, Proctor filed an Objection, (ECF No. 45), and Charlestown filed a Response on October 19, 2023, (ECF No. 46).

5

## II.     DISCUSSION

A.     **Standard of Review**

The Federal Magistrates Act ("FMA") allows district courts to delegate pretrial matters to a magistrate judge, who then issues a recommendation as to how to resolve those matters. 28 U.S.C. § 636(b)(1)(A). In response to a recommendation, "any party may serve and file written objections" whereupon "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C) (emphasis added). See also Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Further, magistrate recommendations are merely proposals, and hold no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

To trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). Further, for objections by self-represented parties, in particular, district courts "must review de novo any articulated grounds to which the litigant appears to take issue." Elijah v. Dunbar, 66 F.4th 454, 460–61 (4th Cir. 2023). This is consistent with the Court's responsibility to liberally construe filings by self-represented litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). But "the Court need only conduct a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made." Chavis v. Smith, 834 F.Supp. 153, 154 (D.Md. 1993). As to those

6

portions of the report for which there is no objection, the district court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Balt. Line Handling Co. v. Brophy, 771 F.Supp.2d 531, 534–35 (D.Md. 2011) (internal quotation marks omitted).

**B.     Analysis**

As Judge Copperthite explained in his Report and Recommendation, Federal Rule 37 governs the imposition of sanctions for discovery abuses, and it grants district courts "wide discretion to impose sanctions for a party's failure to comply with its discovery orders." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). When a court considers a Rule 37 sanction, the district court's "range of discretion is more narrow" because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." Id. Those competing interests require the application of a four part test:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id.[1]

The Fourth Circuit has also "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." Hathcock v. Navistar

---

[1] Proctor does not contest Judge Copperthite's application of Rule 37 or the four Mutual Federal factors.

Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); see also Sadler v. Dimensions Health Corp., 178 F.R.D. 56, 59–60 (D.Md. 1998) (describing emerging trend in Fourth Circuit to consider warning prior to extreme sanctions). Failure to respond to interrogatories can merit dismissal or default. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976); Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983); Daye v. Gen. Motors Corp., 172 F.R.D. 173, 179 (M.D.N.C. 1997). Other courts within the Fourth Circuit have applied Mutual Federal's test and then entered default judgment as sanctions against plaintiffs who refused both defendants' requests and judges' orders that they appear for depositions. See Robinson v. Morgan, 160 F.R.D. 665, 666 (E.D.N.C. 1995); Robinson v. Yellow Freight Sys., 132 F.R.D. 424, 429 (W.D.N.C. 1990).

In his Report and Recommendation, Judge Copperthite found that all four Mutual Federal factors had been met and that dismissal of this action was warranted. (R. & R. at 4–5). Proctor objects to several of Judge Copperthite's findings, including bad faith due to unresponsiveness and late filings. (Obj. at 1–5). The Court will address each of these points below.

First, Proctor objects to the finding that "[she] was not responsive to defendant's lawyer[s'] attempts to contact [her] by phone and email" prior to the January 26, 2023 teleconference. (Id. at 1). Proctor explains that she sent a letter to the Court and to Defendants explaining that she could not attend the teleconference, and that she cooperated with the January 25, 2023 Order that she contact Charlestown by phone to confer, determine mutually-agreeable dates for the call, and file a joint status report. (Id. at 1–2). Consequently, Proctor does not actually contest her failure to answer Charlestown's

attempts to contact to her by phone or email prior to the teleconference. Rather, she appears to request that the Court modify Judge Copperthite's factual summary to include the fact that she sent a letter about her unavailability, and that she later complied with the Court's January 25, 2023 Order. To the extent that Proctor's Objection requests that the Report and Recommendation be modified to reflect these details, the Court will modify it accordingly.

Next, Proctor argues that she did not act in bad faith concerning her deposition, interrogatory responses, or the late filing of her September 14, 2023 status report. (Obj. at 3–5). She emphasizes that she is self-represented and that she was overwhelmed by the deadlines in this matter. (Id. at 5). Regarding the deposition, Proctor states that it was not her intention to postpone it or fail to show, and that she sent Defendants a letter shortly before the date to inform them that she would not be present. (Id. at 3). Notably, she admits that she never provided her availability to Charlestown, despite several requests. (Id.). She explains that she felt "apprehension" about the deposition because she is self-represented and "ill-equipped" to proceed, and she thought "the Affidavit [of Truth and Fact] [she] submitted was sufficient to respond to the deposition." (Id.). As to the interrogatories, she objects to the finding that she never responded, because she intended the Affidavit to provide responses. (Id. at 4). Further, she asserts that she sent interrogatory answers to Charlestown on July 15, 2023, although she admits that they are inadequate and that she did not "provide the appropriate legal responses." (Id.). Finally, she claims that the reason for her lateness in filing the September 14, 2023 status report was that the Court ordered her to confer with Charlestown, and Charlestown was not available until the deadline on the morning of September 13, 2023. (Id. at 4–5).

After considering Proctor's Objection and conducting a de novo review of the record, the Court finds no error in Judge Copperthite's conclusion that Proctor acted in bad faith by failing to participate in the discovery process. Proctor's central argument is that she is self-represented, but the Court warned Proctor repeatedly of her obligations to prosecute this case, and that her pro se status did not exempt her from following the Federal Rules, Local Rules, and Court Orders. (See Standing Order on Discovery at 1–2; Jan 25, 2023 Order at 1; Feb. 27, 2023 Order at 1). Despite these warnings, Proctor failed to attend her noticed deposition, provide her availability for a deposition, or answer requests for production of documents, requests for admission, or interrogatories.[2] The record also shows Proctor did not respond to the July 10, 2023 Order as directed, and she missed two other Court-ordered deadlines when she filed the September 14, 2023 status report and her Objection late. Accordingly, Proctor's repeated failures to comply with the Rules and Court Orders show that she acted in bad faith and abandoned her duty to prosecute her case.

As to the remaining Mutual Federal factors, Proctor does not object to Judge Copperthite's findings that Charlestown is prejudiced by the inability to conduct discovery, there is a strong need to deter similar conduct, and there are no less drastic sanctions that would be effective. (R. & R. at 4–6). The Court finds no clear error with these findings. Charlestown is clearly prejudiced because without discovery, it cannot defend itself properly. See Lance v. Megabus Ne., LLC, No. PWG-16-3459, 2017 WL 3480800, at *3

---

[2] Proctor did send interrogatory answers, but she admits they were inadequate. (See Obj. at 4). Further, her interrogatory responses were due in early May 2023 and discovery ended on June 26, 2023, yet Proctor made no effort to respond until July 15, 2023.

(D.Md. Aug. 14, 2017) ("Defendant has suffered significant prejudice as a result of Plaintiff's continued refusal to respond to requested and ordered discovery."). The interrogatories, requests for admission, requests for production of documents, and the deposition sought material information at the heart of Proctor's case. For example, Charlestown sought to discover the identifies of persons with information concerning Proctor's claims, any expert or non-expert witnesses she intended to call, and each instance of counseling or discipline she received from a supervisor while working at Charlestown. (See Interrogatories at 1–10, ECF No. 23-1). It also sought information relating to Proctor's damages, such as whether a medical professional treated her due to Charlestown's alleged actions, and an itemization of her damages. (Id. at 9–10). This information is clearly material, and Charlestown is clearly prejudiced without it.

Regarding the third and fourth factors, the Court also has a plain need to deter noncompliance with its Orders, unnecessary delays in the litigation process, and parties who walk away from the responsibilities of prosecuting their case. See Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 93 (conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred."). Lastly, given Proctor's inability to comply with Court Orders and deadlines, no lesser sanction would be effective. Proctor herself admits that she is "ill-equipped" to proceed self-represented, and she requests a postponement to allow her to hire counsel. The Court finds that a postponement would be inappropriate given Proctor's delay in making her request after the discovery period and the dispositive motions deadlines have already passed. Further, Proctor has already attempted to find representation for about two years and has been unsuccessful, so she has not demonstrated

that a postponement would be effective. (See Oct. 5, 2023 Status Report at 5, ECF No. 45). Accordingly, all four Mutual Federal factors have been met and this case will be dismissed as Judge Copperthite recommended.

The Court notes that Proctor was warned several times that her conduct could result in dismissal. (See Standing Order on Discovery at 1–2; Feb. 27, 2023 Order at 1; July 10, 2023 Order at 1, ECF No. 30). Further, while self-represented litigants might be entitled to some deference from courts, this deference generally relates to construing pleadings, not a litigant's failure to comply with Court Orders and meet deadlines. Diamond v. Bon Secours Hosp., No. WMN-09865, 2010 WL 2696632, at *5 (D.Md. July 6, 2010) (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989)). When considering sanctions under Rule 37(d), the Court holds self-represented litigants "responsible for [their] failures to comply with the Rules and court orders." See Adams v. Md. Mgmt. Co., No. WDQ-11-2408, 2013 WL 142074, at *3 (D.Md. Jan. 10, 2013). Courts may dismiss a case "if the pro se litigant's refusal to comply . . . with court orders warrant[s] such a sanction. Diamond, 2010 WL 2696632, at *6; see also Middlebrooks v. Sebelius, No. PJM 04-2792, 2009 WL 2514111, at *1 (D.Md. Aug. 13, 2009) (pro se plaintiff's continuous failure to attend deposition sessions or to respond to requests and interrogatories warranted dismissal). Thus, dismissal is an appropriate sanction here for the reasons set forth above.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Charlestown's Motion for Sanctions (ECF No. 25), and this matter will be dismissed under Federal Rule 37(d). Judge Copperthite's Report and Recommendations (ECF No. 43) will be adopted, affirmed, and

approved, except to the extent the findings of fact are modified to include Proctor's January 23, 2023 letter and her compliance with the January 25, 2023 Order. Charlestown may submit a fee petition.[3] A separate Order follows.

    Entered this 7th day of December, 2023.

                                              /s/
                                  George L. Russell, III
                                  United States District Judge

---

[3] The Court notes that Proctor filed this action with a Motion for Leave to Proceed in forma pauperis, and thus Proctor may not have the ability to pay.